Case 4:22-cv-00778 Document 1-6 Filed on 03/10/22 in TXSD Page 1 of 8

8/31/2021 6:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56847236
By: Joshua Hall
Filed: 8/31/2021 6:38 PM

NO. _____

| | | |
|---|---|---|
| KARLA CHRISTINE FLORES<br>*Plaintiff*, | § § § | IN THE DISTRICT COURT |
| V. | § § § § § | \_\_\_\_ JUDICIAL DISTRICT |
| ALLEN HENDERSCHIEDT TRUCKING, INC. and KEVIN WARNER<br>*Defendants*. | § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, KARLA CHRISTINE FLORES, hereinafter called Plaintiff, complaining of and about ALLEN HENDERSCHIEDT TRUCKING, INC. and KEVIN WARNER, hereinafter called Defendants and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Pursuant to the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2.  Plaintiff, KARLA CHRISTINE FLORES, is an individual who resides in Harris County, Texas.

3.  Defendant, KEVIN WARNER, is an individual who resides in Texas, may be served with process at his home at the following address: 11571 East I-10, San Antonio, Texas 77218. Service of said Defendant as described above can be affected by personal delivery.

4.      Defendant, ALLEN HENDERSCHIEDT TRUCKING, INC., a Corporation organized under the laws of the State of Minnesota. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving ALLEN HENDERSCHIEDT, at 1038 Wilbur Street, Worthington, Minnesota 56187, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant, KEVIN WARNER is a Texas resident and Defendant, ALLEN HENDERSCHIEDT TRUCKING, INC., is a corporation that conducts business within the state of Texas.

7.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.      On July 11, 2021, Plaintiff, KARLA CHRISTINE FLORES was traveling East on the 24000 Block of Franz Road and came to a stop at the intersection of 99 Grand Parkway. Plaintiff, KARLA CHRISTINE FLORES, was making a right-hand turn, and prior to Plaintiff making her turn stopped to look for traffic. The Defendant, KEVIN WARNER, driving a vehicle owned by Defendant, ALLEN HENDERSCHIEDT TRUCKING, INC., suddenly and without warning rear-ended Plaintiff's vehicle. ***Please be advised the Defendant, KEVIN WARNER, stated that when passing the traffic light, and was unable to brake at the yellow light and***

*confessed colliding with the Plaintiff's vehicle.* As a result of this collision, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST KEVIN WARNER

9. Defendant KEVIN WARNER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10. Plaintiff's injuries were proximately caused by Defendant KEVIN WARNER's negligent, careless, and reckless disregard of said duty.

11. The negligent, careless, and reckless disregard of duty of Defendant KEVIN WARNER consisted of, but is not limited to, the following acts and omissions:

   A. Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   B. Failure to maintain a reasonable, safe, and prudent rate of speed;

   C. Failure to maintain a reasonable, safe, and prudent distance between vehicles;

   D. Driver inattention; and

   E. Failure to timely apply breaks.

## RESPONDEAT SUPERIOR AGAINST
## ALLEN HENDERSCHIEDT TRUCKING, INC.

12. Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

13. At the time of the occurrence of the act in question and immediately prior thereto, Defendant KEVIN WARNER was within the course and scope of employment for Defendant,

3

ALLEN HENDERSCHIEDT TRUCKING, INC.

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant KEVIN WARNER was engaged in the furtherance of Defendant ALLEN HENDERSCHIEDT TRUCKING, INC., business.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant KEVIN WARNER was engaged in the accomplishing a task for which Defendant KEVIN WARNER was employed.

16. Plaintiff hereby invokes the doctrine of *Respondeat Superior* as against Defendant ALLEN HENDERSCHIEDT TRUCKING, INC.

## NEGLIGENT ENTRUSTMENT OF ALLEN HENDERSCHIEDT TRUCKING, INC.

17. Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

18. On July 11, 2021 Defendant ALLEN HENDERSCHIEDT TRUCKING, INC., was the owner, leaser, renter, occupier, and/or possessor of the vehicle operated by Defendant KEVIN WARNER.

19. Defendant, ALLEN HENDERSCHIEDT TRUCKING, INC., entrusted said vehicle to Defendant KEVIN WARNER, a reckless and incompetent driver.

20. Defendant, ALLEN HENDERSCHIEDT TRUCKING, INC., knew, or through the exercise of reasonable care should have known, that Defendant KEVIN WARNER, was a reckless and incompetent driver.

21. As described herein, Defendant KEVIN WARNER was negligent on the occasion

4

in question.

22. Defendant KEVIN WARNER's negligence was the proximate cause of Plaintiff's damages.

## DAMAGES FOR PLAINTIFF, KARLA CHRISTINE FLORES

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KARLA CHRISTINE FLORES, was caused to suffer personal injuries, and to incur the following damages:

    A. Mental anguish in the past and future;

    B. The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

    C. Physical impairment in the past and future;

    D. Physical disfigurement in the past and future;

    E. Physical pain and suffering in the past and future; and

    F. Property Damage.

## REQUEST FOR DEPOSITION DATES

24. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendants are available for Plaintiff to take Defendants' deposition. Plaintiff requests that each corporate Defendant provide dates that Defendants' corporate representative is available for Plaintiff to take Defendants' corporate representative's deposition.

## REQUEST FOR DISCLOSURES

25. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

each and every Defendant disclose, the information and material described in Rule 194.2 within thirty (30) days of after the filing of the first answer or general appearance, the information and material described in Rule 194.2.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

26. Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seek monetary relief over $250,000.00 but less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## PRESERVING EVIDENCE

27. Plaintiff hereby requests and demand that Defendants preserve and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## NOTICE OF USE

28. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiff intends to use all documents produced by Defendants in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

**DESIGNATED E-SERVICE EMAIL ADDRESS**

29. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, KARLA CHRISTINE FLORES, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE HADI LAW FIRM, PLLC

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour
Texas Bar No. 24123765
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977

Fax: (855) 423-4529<br>
litigation@thehadilawfirm.com<br>
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

<u>**NOTICE TO DEFENDANT:**</u>
**IF YOU HAD AUTO INSURANCE
AT THE TIME OF THIS ACCIDENT, PLEASE
FORWARD THIS DOCUMENT & ANY OTHER DOCUMENTS)
RELATED TO THIS ACCIDENT TO YOUR INSURANCE CARRIER:**

**Great West Casualty Company
P.O. Box 94
Sioux City, Nebraska 68776
Claim#: R22379
Fax: (800) 228-8602
Phone: (800) 833-1851**