IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA CHRISTINE FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-778 |
| | § | |
| | § | |
| ALLEN HENDERSHIEDT TRUCKING, INC. | § | |
| and KEVIN WARNER | § | JURY TRIAL REQUESTED |

## DEFENDANTS' MOTION TO STRIKE AND/OR EXCLUDE PLAINTIFF'S MEDICAL BILLING AFFIDAVITS

TO THE HONORABLE COURT:

ALLEN HENDERSHIEDT TRUCKING, INC. and KEVIN WARNER, Defendants, move

to Exclude Medical Billing Affidavits filed by the Plaintiff in this case.  In support, the following

is provided:

1.      Tex. Civ. Rem. & Proc. Code §18.001 and Tex. R. Evid. 902(10) allow admission

of custodian affidavits attesting to the reasonableness and necessity of medical charges.  This is a

limited, purely procedural exception to the rule that expert testimony is required.  *American*

*Central Ins. Co. v. Melton,* 389 S.W.2d 177, 180-81 (Tex.Civ.App.−Dallas 1965, writ ref'd n.r.e.).

To establish entitlement to this evidentiary loophole, the affidavits must meet the requirements of

§18.001 and other admissibility requirement of the Texas Rules of Civil Evidence.  Tex. Civ. Prac.

& Rem. Code 18.001 (c) & (d).

2.      Federal Courts are divided as to the applicability of Tex. Civ. Prac. & Rem. Code

§18.001. This court has held that 18.001 is purely procedural and thus not applicable by Federal

Courts.  Multiple Courts in the Southern District of Texas have followed the precedence of

*Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011) which hel that section 18.001 is a purely

procedural statute.  See, *Akpan v. United States*, No. H-16-2981, 2018 U.S. Dist. LEXIS 5584

(S.D. Tex. Jan. 12, 2018); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, 2020 U.S. Dist. LEXIS 133200 (S.D. Tex., July 28, 2020).

3.      Therefore, Plaintiff's medical billing affidavits should be excluded as they are not admissible under the rules of this court and the Texas Supreme Court.

4.      If the affidavits are admissible, Plaintiff failed to comply with Tex. Civ. Prac. & Rem. Code 18.001 in that the affidavit of costs related to Patient First Specialists and Champions Choice Pain & Injury Clinic as the affidavits do not provide an itemized statement of services and charges.

## ARGUMENTS & AUTHORITIES

5.      The Courts of this jurisdiction have held that Tex. Civ. Rem. & Proc. Code §18.001 are to be purely procedural and thus not applicable in Federal Court. Therefore, Plaintiff's affidavits should be inadmissible.

**Affidavits fail to meet the requirements of §18.001.**

6.      Attached hereto as **Exhibits 1** and **Exhibit 2** respectively are the custodian affidavits related to the medical billing of Patient First Specialists and Champions Choice Pain & Injury Clinic.  If the affidavits are considered admissible, the affidavits from Patient First Specialists and Champions Choice Pain & Injury Clinic fail to meet the requirements under 18.001. Section 18.001(c)(2) requires the affidavits, 1) to be either made by the person who provided the services, or the person in charge of records, 2) to set out the service provided and charges made, and 3) to include an itemized statement of the service and charge.  Plaintiff's affidavits fail to comply with the requirements of §18.001(c)(2 and 3).  Specifically, it is merely a total amount and charge for multiple services over a period of time without any corresponding itemized information related to the specific charges in question as required to comply with Section 18.001.   Therefore,

these affidavits fail to comply with Section 18.001 because they fail to contain information related to, "records showing the service provided and charge made" and "an itemized statement of the service and charge." Absent this information, the affidavits violate the requirement of §18.001 and are not admissible.

7. Defendant moves the Court to exclude from evidence any medical billing document and information as the information is inadmissible related to, any Affidavit signed by the above custodians, and any medical bills which were attached to any Affidavit by the above custodians.

WHEREFORE, PREMISES CONSIDERED, Defendants ALLEN HENDERSHIEDT TRUCKING, INC. and KEVIN WARNER move the Court to strike certain Medical Billing Affidavits from evidence on the basis that they are inadmissible in federal court. If this court determines that the affidavits are admissible, the affidavits from Patient First Specialists and Champions Choice Pain & Injury Clinic do not comply with statutory forms and case law. These Defendants further move the Court to exclude testimony from the medical billing affiants because they lack qualifications to enable them to testify as expert witnesses to medical causation. These Defendants move for such other and further relief to which they may be justly entitled.

| | |
|---|---|
| _/s/ Lee Thibodeaux_ | 8/18/23 |
| Counsel of Defendants | Date |

 Lee D. Thibodeaux
Bush & Ramirez
State Bar No. 19834200
Southern District Bar No. 68757
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
lthibodeaux.atty@bushramirez.com
**ATTORNEY FOR DEFENDANTS**
**ALLEN HENDERSCHIEDT TRUCKING, INC.,**
**and KEVIN WARNER.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 18ᵗʰ day of August, 2023.

Ahson B. Wali
**Wali Law PLLC**
2323 S. Voss Road, Suite 270
Houston, TX 77057

**The Hadi Law Firm**
Husein Hadi
7100 Regency Square Blvd, Suite 140
Houston, Texas 77036

_/s/ Lee D. Thibodeaux_
Lee D. Thibodeaux