| | | |
|---|---|---|
| KARLA C. FLORES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:22-cv-00778 |
| ALLEN HENDERSHIEDT TRUCKTING, | § | |
| INC. AND KEVIN WARNER, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## JOINT PRETRIAL ORDER

### Appearance of Counsel

Ahson Wali
Tx Bar No. 24106815
Southern District No. 3392408
Husein Hadi
Texas Bar No 24067641
Federal Bar No. 1626617
**The Hadi Law Firm, PLLC**
7100 Regency Square Blvd, Suite 140
Houston, Texas 77036
Tel. (832) 433-7977
Fax. (855) 423-4529
litigation@thehadilawfirm.com
*Counsel for Plaintiff*

Lee D. Thibodeaux
State Bar No. 19834200
Southern District Bar No. 68757
Victoria Gonzalez
State Bar No. 24120857
Bush & Ramirez.
5615 Kirby Drive, Suite 900
Houston, Texas 77005

Email: lthibodeaux.atty@bushramirez.com
Telephone: (713) 266-0074
Facsimile: (713) 266-1064
Defendant
*Counsel for Defendants*

## Statement of the Case

**Plaintiff's Statement of the Case:**

On July 11, 2021, Ms. Flores had just made a right-hand turn onto Highway 99 Grand Parkway, when Defendant Kevin Warner—driving a semi-truck—ran a red light and collided with Ms. Flores's vehicle from behind at 40 miles per hour. The impact caused Ms. Flores injuries from which she has not fully recovered. At the time of the collision, Mr. Warner was driving a semi-truck owned by Defendant Allen Heiderscheidt Trucking, Inc. On or about August 31, 2021, Plaintiff filed this lawsuit alleging negligence against Defendants, and negligent entrustment against Defendant Allen Henderschiedt Trucking, Inc.

**Defendant's Statement of the Case:**

The incident is on dash camera video. Defendant Warner driving for Defendant Hnederschiedt was traveling southbound on service road to Highway 99 in far west Houston/Katy on the day of the incident, July 11, 2021. When he approached the controlled intersection at Franz Rd., the light changed from green to yellow. Defendant Warner did not believe he had enough space to stop and proceeded through the intersection. At the time, Warner entered the intersection, the light changed from yellow to red. Warner was halfway through the intersection, Plaintiff, traveling eastbound on Franz Rd. had a red light, failed to stop, look for traffic and made a rapid right turn onto the service road, cutting directly into the path of the Warner.

In her deposition, Plaintiff then testified that she "stopped and looked for traffic" before turning south (right) consistent with the information she provided the investigating officer in the

2

Police report and in her recorded statement made the day of the incident. (Flores Pg 33 Ln 25 – Pg 34 Ln 9). Plaintiff agreed that the light for Plaintiff was red, that she stopped before making the right turn and that she "assumed" that the traffic signal for Warner was red but did not know. (Flores: Pg 40 Ln 16 – Pg 44 Ln 22). After reviewing the video, Plaintiff admitted she did not come to a complete stop, for 5 seconds before entering the intersection. (Flores Pg 55 Ln. 19 – 25). Plaintiff admitted that nothing should have prevented her from seeing Warner before Plaintiff made the turn in front of Warner. (Flores Pg 59 Ln13 – 16). Plaintiff admitted that when Warner was coming through the intersection it was her obligation to yield the right-of-way to traffic on 99 before she executed the turn. (Flores Pg 59 Ln 17-21). Likewise, Plaintiff admitted that she should have made sure the intersection was clear to allow her enough time to make the turn safely. (Flores Pg 60 Ln 22-25). Plaintiff admitted the making a right turn on red obligates stopping and making sure the intersection is clear before the turn is made. (Flores Pg 60 Ln 18 – 24). Plaintiff has admitted comparative fault.

Plaintiffs told the investigating officer and in a recorded statement after the accident that she was not injured. 17 days later, Plaintiff sought medical attention for injuries alleged from the accident. Defendant contest injuries related to the incident and various elements of damages which Plaintiff has failed to support through discovery. Defendants have stipulated course and scope, therefore, negligent entrustment and hiring claims are moot as a matter of law. Thie facts of the case represent a garden variety motor vehicle accident which the Texas Supreme Court has establish is not gross negligence as a matter of law.

**Jurisdiction**

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as the parties are diverse and the amount in controversy exceeds $75,000.

## Motions

Defendants have a pending Motion for Continuance related to lack of expert discovery and the pending Motion for Summary Judgment. Defendants filed a Motion for Leave to file No Evidence Motion for Partial Summary Judgment and a Motion for Continuance on August 17, 2023. On August 18, 2023, Defendant filed a Motion to Exclude, and a Motion to Exclude Medical Billing Affidavits. Plaintiff's responses to Defendants' motions are due on September 7th and 8th, respectively. Plaintiff objects to all of Defendants' pending motions. Defendants also have a pending Rule 104 for Exclusion Motion pending.

## The Parties Contentions

**Plaintiff's Contentions :**

Defendant Kevin Warner, negligently rear-ended Plaintiff while he was driving a semi-truck in the course and scope of his employment with Defendant Allen Henderschiedt Trucking, Inc. Defendant Warner's negligent acts include running a red light and failing to control his speed. Defendant Allen Henderschiedt Trucking Inc. is responsible under the doctrine of *respondeat superior* as Defendant Warner was acting in the course and scope of his employment at the time of the collision. Defendant Allen Henderschiedt Trucking, Inc. is further responsible for negligently entrusting the semi-truck to Defendant Kevin Warner. Plaintiff suffered injuries and damages as a result of Defendants' negligent conduct.

**Defendant's Contentions:**

Defendant contends Plaintiff is 51% or more at fault related to the accident. Plaintiff has admitted she had a red light, failed to stop before making her right turn. Likewise, Plaintiff has admitted she was required to and failed to yield the right of way to Defendants by ensuring the roadway was clear for her to safely execute the turn. Plaintiff has no valid claims for gross

negligence and negligent entrustment or hiring as a matter of law. Defendant has admitted and stipulated that Defendant Warner was in the course and scope of his employment. In the alternative, Defendants claim the accident was unavoidable.

**Admissions of Fact**

1. At the time of the collision, Defendant Warner was driving a semi-truck owned by Defendant Allen Henderschiedt Trucking, Inc.

2. Immediately prior to colliding with Plaintiff, Defendant Warner was traveling between 35 - 40 miles an hour.

3. Defendant Kevin Warner was working within the course and scope of his employment with Defendant Allen Henderschiedt, Inc. at the time of the collision.

**Disputed Facts**

1. Defendant Kevin Warner rear ended Plaintiff while she was driving her vehicle.

2. The impact occurred after Plaintiff made a right turn in front of Mr. Warner.

3. Plaintiff failed to stop at a red light.

4. Defendant Warner entered the intersection at a red light.

5. Defendant Warner's fault, if any, for the accident.

6. Plaintiff's comparative fault for the accident.

7. Causation between Plaintiff's injuries and the minor impact of the accident.

8. Plaintiff failed to comply with the laws of the State of Texas requiring her to stop prior to entering the intersection.

9. Plaintiff failed to yield the right of way and check that the intersection was clear before executing her turn in front of Defendant Warner.

10. The dash camera video is an accurate representation of the incident.

11. Defendant Warner was a qualified, licensed CDL holder.

12. Defendant Warner had a speeding ticket in California within five (5) years of the collision.

13. Whether the accident was unavoidable as defined under Texas law.

**Agreed Applicable Propositions of Law**

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454, 45 Tex. Sup. Ct. J. 943 (Tex. 2002). The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability. *Id.*; *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

Under Texas' modified comparative negligence law, Plaintiff must be less than 51% at fault for their injuries and damages in order to recover. A claimant may not recover damages if their percentage of responsibility is greater than 50%.

Under the theory of *respondeat superior* [. . .] an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 757 (Tex. 2007). Thus, when an employee acts negligently within the course and scope of employment, *respondeat superior* permits a person injured by that action to sue the employee's employer directly to recover all damages caused by the employee's negligence. *Id.*

**Contested Issues of Law**

**Plaintiff's Contested Issues of Law:**

In a negligent-hiring or negligent entrustment claim, a plaintiff must show that the risk that caused the entrustment or hiring to be negligent also proximately caused plaintiff's injuries. *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (stating "[n]egligence in hiring requires

that the employer's 'failure to investigate, screen, or supervise its [hirees] proximately caused the injuries the plaintiffs allege'"(*quoting Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995))); *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596-97 (Tex. 1987); *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (stating negligence in hiring requires that the employer's "failure to investigate, screen, or supervise its hires proximately caused the injuries the plaintiffs allege"). To sustain such a claim based on a failure to screen, a plaintiff must show that anything found in a background check "would cause a reasonable employer to not hire" the employee, or would be sufficient to put the employer "on notice that hiring [the employee] would create a risk of harm to the public." *Fifth Club*, 196 S.W.3d at 796-97. The plaintiff must also prove that the risk that caused the entrustment or hiring to be negligent caused the accident at issue. *Schneider,* 744 S.W.2d at 597.

Where the plaintiff alleged simple negligence against the employee and gross negligence against the employer for entrusting a vehicle to an incompetent or reckless driver, "the negligent entrustment cause of action would be an independent and separate ground of recovery against the owner for exemplary damages." *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). The employer cannot avoid direct liability for exemplary damages by admitting vicarious liability for compensatory damages. *See Williams v. McCollister*, 671 F. Supp. 2d 884, 889 (S.D. Tex. 2009*); McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796, 810 (N.D. Tex. 2003). Therefore, once *respondeat superior* is established, a negligent entrustment claim is only material (and viable) to the extent it can be used to recover exemplary damages from the employer. *Main v. Eichorn,* No. W-10-CA-00158, 2011 WL 13127650, at *7-8 (W.D. Tex. Mar. 3, 2011). In the present case, Defendants have admitted respondeat superior liability. However, Plaintiff has brought claims for negligent entrustment and

7

gross negligence against Defendant Allen Henderschiedt Trucking, Inc.

Gross negligence presumes a negligent act or omission, and includes two additional components: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994).

**Defendant's Contested Issues of Law:**

<u>That Plaintiff has a valid gross negligence claim</u>**:**

In *Medina v. Zuniga,* 565 S.W.3d 61 (Tex. 2017) the Texas Supreme Court overturned the Court of Appeals' affirmation of a jury's finding that the defendant, a high school student, was grossly negligent when he collided with a pedestrian crossing the driveway of the school.  In evaluating the jury's gross negligence finding, the court opined, "[v]iewing the evidence in favor of the jury's verdict, no doubt exists that Medina's driving was thoughtless, careless, and risky. But any driver knows that our roads are replete with thoughtless, careless, and risky drivers. Gross negligence can be supported only by an extreme degree of risk, not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the Plaintiff."

In so finding, the Court held that garden variety car accidents do not amount to gross negligence.  In the opinion, the court found:

> *"Any of Medina's negligent acts here are common ingredients in a garden-variety car accident, whether involving a pedestrian or another vehicle. Doubtless, the failure to drive at a safe speed and the failure to look both ways before exiting a parking lot makes an accident more likely. But those failures, even taken together, do not amount to gross*

*negligence. If they did, punitive damages would be routinely available in the most common types of auto accidents. Whatever the threshold for gross negligence is, it must be higher than that."*

This case is a simple automobile accident. Even assuming Plaintiffs' version of the accident to be true for purposes of this motion only, the incident occurred related to factors which do not amount to conscious indifference. This is the type of incident which is the basis for the rationale of the Texas Supreme Court's holding in *Medina v. Zuniga*. Simple automobile accidents like this case are not gross negligence cases.

<u>That Plaintiff has a valid recoverable negligent entrustment and hiring claim.</u>

The elements of a claim for an alleged negligent entrustment are: 1) entrustment of the vehicle by the owner; 2) to an unlicensed, incompetent, or reckless driver; 3) that the owner should have known was unlicensed, incompetent, or reckless; 4) that the driver was negligent on the occasion in question; and 5) that the driver's negligence proximately caused the accident in question. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595 (Tex. 1987).

As a result of the stipulation of course and scope, the derivative, negligent hiring and entrustment claims are moot. In *Hines v. Nelson*, 547 S.W.2d 378 (Tex. Civ. App.–Tyler 1977, no writ)*Hines*, a tractor trailer rear ended a car stopped at a red light. The driver of the car filed suit alleging negligence on both the driver and owner of the tractor trailer and asserted a negligent entrustment claim against the owner. The owner of the vehicle stipulated that the driver was in the course and scope of his employment at the time of the accident. The court ruled that the Plaintiff could not recover under a negligent entrustment theory, addressing the issue as follows:

> **"…**, the owner's stipulation or admittance that respondeat superior applied would render moot any issue of negligent entrustment since the owner's liability would only extend to

> liability for damages caused by the negligence of his driver.  There would be no separate ground for damages against the owner."

*Hines*, 547 S.W.2d at 385.  *See Also*, *Frasier v. Pierce*, 398 S.W. 2d 955 (Tex. Civ. App.−Amarillo 1965, ref'd n.r.e.);  *Luvual v. Henke & Pillo*t, 366 S.W.2d 831 (Tex. Civ. App.−Houston 1963, ref'd n.r.e.);  *Patterson v. East Texas Motor Freight Lines*, 349 S.W.2d 634 (Tex. Civ. App.−Beaumont 1961, ref'd n.r.e.);  *Rodgers v. McFarland*, 402 S.W.2d 208 (Tex. Civ. App.−El Paso 1966, ref'd n.r.e.). The admission by Defendants Henderscheidt, and Warner that Warner was in the course and scope of his employment renders any issue concerning entrustment and the other superfluous derivative claims for negligent hiring, supervision, retention, etc. moot.

<u>Even if the Negligent entrustment and other derivative claims against Henderscheidt are not moot, Plaintiff has no evidence that Warner was unlicensed, incompetent and reckless</u>**:**

Defendant Warner filled out an application a MVR was run, road tests performed and drug testing undertaken prior to his being hired.  Defendant Warner was a qualified CDL driver and was hired.  During his time with Defendant Henderscheidt, Defendant Warner did not receive a citation or have any accidents.  No facts indicate any incompetence or recklessness.  Therefore, there are no facts to support the legal requirements of a negligent entrustment or hiring claim assuming such a claim exists.

**Exhibits**
Plaintiff's exhibit list is attached hereto.
Defendant's exhibit list is attached hereto.

**Witnesses**
Plaintiff's Witness list is attached hereto.
Defendant's Witness list is attached hereto.

**Settlement**

A mediation is set for August 31, 2023.

**Trial**

10

a. The trial shall be to a jury.

b. The trial will take approximately 3-4 days.

c. Plaintiff's witnesses are available to testify.

d. Plaintiff does not foresee any logistical problems.

e. Both Defendants are from out of State of Texas. There are potential logistical problems with their attendance. However, Defendants plan to be in attendance.

**Additional Required Attachments**

a. Plaintiff's proposed *voir dire* are attached hereto.

b. Defendants proposed *voir dire* are attached hereto.

c. Plaintiff's proposed jury Charge is attached hereto.

d. Defendants' proposed jury charge is attached hereto.

e. Plaintiff's memorandum of law is attached hereto.

f. Defendants' memorandum of law is attached hereto.

_____          _____
Date                                                    ANDREW M. EDISON
                                                  UNITED STATES MAGISTRATE JUDGE


APPROVED:

 /s/ Ahson Wali                                     August 25, 2023
_____          _____
Counsel for Plaintiff                              Date

*/s/ Lee D. Thibodeaux*                         August 25, 2023
Counsel for Defendant                         Date

11