KARLA CHRISTINE FLORES        §
    *Plaintiff,*        §
            §
            §        **Civil Action No. 4:22-cv-00778**
V.        §
            §
            §
ALLEN HENDERSCHIEDT        §
TRUCKING, INC. and KEVIN        §
WARNER,        §
            §
    *Defendants.*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE AND/OR
EXCLUDE PLAINTIFF'S MEDICAL BILLING AFFIDAVITS**

Plaintiff Karla Christine Flores (**"Plaintiff" "Ms. Flores"**), by and through her undersigned counsel files this Response to Defendants' Motion to Strike and/or Exclude Plaintiff's Medical Billing Affidavits (the **"Motion"**). In support of this Response, Plaintiff states as follows:

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On July 11, 2021, Defendant Kevin Warner sped through a red light and crashed his semi-truck into the rear end of Plaintiff's car causing her serious injuries to her back and other areas of her body. At the time of the collision, Defendant Warner was driving a semi-truck owned by Defendant Allen Henderschiedt Trucking, Inc. The entire incident was caught on video. Plaintiff originally filed suit against the Defendants in Texas state court. On March 10, 2022, Defendants removed this case to the Southern District of Texas on the basis of diversity jurisdiction. On July 18, 2022, this Court issued a docket control order which was agreed to by both Parties. (ECF No. 9). In the DCO this Court set the dispositive motion deadline for July 14, 2022. (Id., at 2). On August 18, 2023, over a month after the expiration of this Court's dispositive motion deadline,

Defendants filed the Motion requesting this Court strike Plaintiff's Medical Billing Affidavits from Champions Choice Pain & Injury Clinic and Patient First Specialists. (ECF No. 18). This Court previously denied Defendants' Motion for Leave to File Dipositive Motion. Plaintiff now files this Response and respectfully requests this Court deny Defendants' Motion.

## II.    STATEMENT OF THE ISSUES

1.    Plaintiff does not intend to offer billing affidavits, including those mentioned in the Motion, under Section 18.001 of the Texas Civil Practices and Remedies Code. Instead, Plaintiff intends to offer billing affidavits, including those mentioned in the Motion, under Federal Rule of Evidence of 803(6)(A) and 902(11).

## III.    STANDARD OF REVIEW

Rule 803(6)(A) of the Federal Rules of Evidence allows a party to admit records of an act if the following conditions are met:

> "…the record was made at or near the time by — or from information transmitted by — someone with knowledge;…the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity;…all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification;…and the opponent does not show that the source of information or circumstances of preparation indicate a lack of trustworthiness."

Fed. R. Evid. 803(6)(A)-(E). Rule 902(11) allows a record of an under Rule 803(6) to be admitted through a certification of a custodian or other qualified person. Fed. R. Evid. 902(11).

## IV.    SUMMARY OF THE ARGUMENT

Plaintiff does not intend to offer billing records under 18.001 to prove the reasonableness and necessity of Plaintiff's medical bills. Instead, Plaintiff intends to use Plaintiff's billing affidavits to

lay the predicate for the admission of Plaintiff's medical bills to the jury at trial.

## V.      ARGUMENT

### A.      Plaintiff Does not Intend to Offer Billing Affidavits to Show Reasonableness and Necessity of Plaintiff's Medical Bills

Plaintiff does not intend to offer medical bills under Section 18.001 of the Texas Civil Practices and Remedies Code. As this Court has already ruled in previous cases, Section 18.001 does not apply in Federal Court. However, Plaintiff intends to use all billing affidavits disclosed in discovery to Defendants to lay the predicate to admission for Plaintiffs medical billing records. Rule 803(6)(A) of the Federal Rules of Evidence allows a party to admit records of an act if the following conditions are met:

> "…the record was made at or near the time by — or from information transmitted by — someone with knowledge;…the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity;…all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification;…and the opponent does not show that the source of information or circumstances of preparation indicate a lack of trustworthiness."

Fed. R. Evid. 803(6)(A)-(E). Rule 902(11) allows a record of an under Rule 803(6) to be admitted through a certification of a custodian or other qualified person. Fed. R. Evid. 902(11). In the Motion, Defendants challenge the admission of affidavits from Champions Choice Pain & Injury Clinic and Patient First Specialists and request this Court strike and/or exclude the same. (ECF No. 18, p. 2). However, a review of these affidavits indicates they comply with the requirements of Rule 803(6) and Rule 902(11) of the Federal Rules of Evidence. *See* (ECF No. 18-1); *and* (ECF No. 18-2). As such, Plaintiff intends to use these affidavits, and those disclosed to Defendants in discovery in this

matter, as a predicate to admission of Plaintiff's medical bills at trial. And Plaintiff will call live witnesses to testify as to the reasonableness and necessity of Plaintiff's medical bills.

## VI.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' Motion to Strike and/or Exclude Plaintiff's Medical Billing Affidavits.

Respectfully submitted,

**THE HADI LAW FIRM**

Ahson Wali
Tx Bar No. 24106815
Southern District No. 3392408
Husein Hadi
Texas Bar No 24067641
Federal Bar No. 1626617
7100 Regency Square Blvd, Suite 140
Houston, Texas 77036
Tel. (832) 433-7977
Fax. (855) 423-4529
litigation@thehadilawfirm.com
***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, a copy of the foregoing instrument was served all counsel of record *via* CM/ECF.

*Via CM/ECF*
Lee D. Thibodeaux
Bush & Ramirez
State Bar No. 19834200
Southern District Bar No. 68757
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
lthibodeaux.atty@bushramirez.com
*ATTORNEY FOR DEFENDANTS*
*ALLEN HENDERSCHIEDT TRUCKING, INC.,*
*and KEVIN WARNER.*

By: _____
    **Ahson Wali**