United States District Court
Southern District of Texas
**ENTERED**
October 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARLA CHRISTINE FLORES, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-cv-00778 |
| § | |
| ALLEN HENDERSCHIEDT § | |
| TRUCKING, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

This is a personal injury lawsuit arising out of a car accident that occurred on July 11, 2021 in Harris County, Texas. Plaintiff Karla Christine Flores ("Flores") alleges that Defendant Kevin Warner ("Warner") was driving a vehicle owned by Defendant Allen Henderschiedt Trucking, Inc. ("Henderschiedt") when Warner rear-ended Flores's vehicle while Flores was stopped at an intersection. Flores seeks damages for mental anguish, medical costs, assorted physical injuries, and property damage. Her causes of action include (1) negligence against Warner, (2) respondeat superior against Henderschiedt,[1] and (3) negligent entrustment against Henderschiedt.

Pending before me are two evidentiary motions: (1) Defendants' Motion for FRE 104 Rulings (Dkt. 17); and (2) Defendants' Motion to Strike and/or Exclude Plaintiffs' Medical Billing Affidavits (Dkt. 18). Flores opposes both motions. Defendants' first motion asks that I exclude: (1) evidence of a previous and unrelated speeding citation that Warner received in California; (2) evidence of

---

[1] To be clear, "respondeat superior [is] not [a] separate cause[] of action but [is], instead, [a] theor[y] of vicarious liability through which a principal may be held liable for an employee's negligence." *Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 595 (S.D. Tex. 2022).

claims for negligent entrustment and/or gross negligence; and (3) evidence related to the Federal Motor Carrier Safety Act. Defendants' second motion seeks to prohibit Flores from entering two medical billing affidavits. I will address each piece of evidence in turn.

### A.   WARNER'S SPEEDING CITATION

The initial evidentiary issue before me concerns whether evidence of a speeding citation Warner received in California should be admitted at trial. Instead of contesting the citation, Warner paid it and moved on with his life. Defendants insist that the California citation "is not relevant to any issue before the Court or Jury and would be unfairly prejudicial to Defendants." Dkt. 17 at 1. I disagree.

First, let me discuss relevance. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Evidence of Warner's prior speeding violation is clearly relevant to Flores's negligent entrustment claim. To establish liability for negligent entrustment under Texas law, Flores must show, among other things, that the driver of the vehicle (Warner) was unlicensed, incompetent, or reckless; and that the owner (Henderschiedt) entrusted its vehicle to the driver even though Henderschiedt knew or should have known that Warner was an unlicensed, incompetent, or reckless driver. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). As Flores points out, "Warner's California speeding citation is relevant . . . to show that Defendant Warner was a reckless driver and that Defendant Henderschiedt knew or should have known that Defendant Warner was a reckless driver." Dkt. 30 at 3. Accordingly, I will not exclude this evidence on relevance grounds.

Second, I will address prejudice. Rule 403 provides that a district court "may exclude relevant evidence if its probative value is *substantially outweighed* by . . . unfair prejudice." FED. R. EVID. 403 (emphasis added). As the Fifth Circuit has consistently held, "unfair prejudice as used in Rule 403 is not to be equated

with testimony simply adverse to the opposing party." *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. Unit A Sept. 1981) (cleaned up). That is because most, if not all, evidence is prejudicial to the other party's position in some way. *See id.* ("Virtually all evidence is prejudicial or it isn't material."). Although Defendants assert that the introduction of the speeding citation "would be unfairly prejudicial," Defendants do not offer any explanation as to why that would be the case. Dkt. 17 at 1. At this juncture, I have no reason to believe that the probative value of evidence relating to Warner's California speeding citation is substantially outweighed by the danger of unfair prejudice to Defendants. *See* FED. R. EVID. 403.

Based on the record before me, I am unwilling to issue a blanket order precluding the introduction of evidence at trial concerning Warner's California speeding citation.[2]

**B. NEGLIGENT ENTRUSTMENT AND/OR GROSS NEGLIGENCE**

Next, Defendants argue that I should not allow any evidence at trial relating to claims for negligent entrustment or gross negligence.

I will start with the gross negligence claim. Defendants claim that this is a "simple automobile accident[]" and that allowing a gross negligence claim "would only confuse the jury." Dkt. 17 at 4. This argument should have been made at the summary judgment stage. Defendants did not timely file a motion for summary judgment, and I orally denied Defendants' motion for leave to late-file a motion for summary judgment at the September 6, 2023 docket call. As such, I will allow Flores's gross negligence claim to proceed to trial. At the appropriate time, I will,

---

[2] To be sure, Flores has a heavy burden to overcome to establish that Henderschiedt knew or should have known that Warner was an unlicensed, incompetent, or reckless driver. "Proof of one ticket—even if recent—is 'grossly inadequate' to make this showing [of recklessness or incompetence]." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 653 (S.D. Tex. 2016) (quoting *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex. Civ. App.—Houston [14th Dist.] 1968, *writ ref'd n.r.e.*)). Additionally, "[a] record with two moving violations or accidents within a two-year period prior to the accident is also insufficient." *Phillips*, 189 F. Supp. 3d at 653. "Indeed, when courts do find that evidence is sufficient to establish recklessness or incompetence, the record contains convictions and violations that are related to the accident, frequent, and recent." *Id.*

3

of course, decide whether the jury should be instructed on a gross negligence claim.³

On the negligent entrustment cause of action, Defendants argue that such a claim is moot because Defendants have stipulated to respondeat superior liability. Had Flores only asserted an ordinary negligence claim, Defendants would be correct. *See Ferrell Gas, Inc. v. Reese*, No. 12-22-00025-cv, 2022 WL 17843996, at *4 (Tex. App.—Tyler Dec. 21, 2022, pet. denied) ("Texas courts have repeatedly held that, where only simple negligence is alleged, negligent entrustment and respondeat superior are mutually exclusive modes of recovery."). But Flores has brought claims in this case for ordinary negligence *and* gross negligence. As one Texas appellate court explained:

> Where only ordinary negligence is alleged, the case law supports [the] contention that . . . negligent entrustment and respondeat superior are mutually exclusive modes of recovery. Where the plaintiff has alleged ordinary negligence against the driver and gross negligence against the owner for entrusting his vehicle to a reckless or incompetent driver, the negligent entrustment cause of action would be an independent and separate ground of recovery against the owner for exemplary damages.

*Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). Flores may thus proceed on her negligent entrustment claim against Henderschiedt for entrusting its vehicle to Warner.

C.  **EVIDENCE RELATED TO THE FEDERAL MOTOR CARRIER SAFETY ACT**

Next, Defendants argue that I should exclude evidence related to the Federal Motor Carrier Safety Act ("FMCSA"). They claim that Flores's "counsel asked questions during depositions related to the FMCSA"; that expert testimony is

---

³ I am fully aware that "Texas courts have repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *DeHaven v. Singh*, No. 1:20-cv-977, 2022 WL 1793523, at *2 (W.D. Tex. Mar. 21, 2022) (quotation omitted). "It is well established that a driver's actions must be considerably more extreme, often involving multiple conscious acts or omissions, to support liability." *Id.* (quotation omitted).

required for evidence related to the FMSCA; and that the jury would be misled by such evidence in a negligence case. Dkt. 17 at 5. These conclusory statements do not persuade me. Critically, Defendants cite to no specific testimony that should be excluded. Based on the record before me, I will not issue a blanket order prohibiting any reference to the FMCSA. Instead, I will allow Defendants to object to specific questions at trial, and I will decide, at that time, whether specific evidence should be admitted.

D.    **FLORES'S MEDICAL BILLING AFFIDAVITS**

Finally, Defendants ask that I exclude from evidence two billing records affidavits Flores intends to introduce at trial.[4] Although Texas Civil Practice and Remedies Code § 18.001 allows the admission of custodian affidavits attesting to the reasonableness and necessity of medical charges, Defendants correctly note that § 18.001 is a procedural rule that does not apply in federal court. *See Lloreda v. Dolgencorp of Tex., Inc.*, No. 3:21-cv-00171, 2022 WL 203258, at *3 (S.D. Tex. Jan. 24, 2022) (collecting cases).

Flores acknowledges that § 18.001 is inapplicable in a federal forum. She says that she "intends to offer billing affidavits . . . under Federal Rule[s] of Evidence 803(6)(A) and 902(11)." Dkt. 31 at 2. Rule 803(6) allows admission of a record that is otherwise hearsay if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

---

[4] One billing affidavit is from a custodian of records at Champions Choice Pain & Injury Clinics. The other billing affidavit is from a custodian of records at Patient First Specialists.

> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6). Rule 902(11) provides that the authenticity of business records may be established by written declaration of the custodian provided to opposing counsel a reasonable time before trial. *See* FED. R. EVID. 901(11).

At present, I do not need to decide whether the billing affidavits do—or do not—meet the requirements of Rules 803(6) and 902(11). All Defendants' Motion to Strike and/or Exclude Plaintiffs' Medical Billing Affidavits requests is that I exclude the billing affidavits because they are not admissible under § 18.001. Since both parties are in agreement that § 18.001 has no application in federal court proceedings, I will wait for trial to allow both parties to fully advance their respective positions on whether the billing affidavits in question are admissible under Rules 803(6) and 902(11).

## CONCLUSION

For the reasons discussed above, I **DENY** (1) Defendant's Motion for FRE 104 Rulings (Dkt. 17); and (2) Defendant's Motion to Strike and/or Exclude Plaintiff's Medical Billing Affidavits (Dkt. 18).

SIGNED this 11th day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE